Hon. Robert A. Moore Town Attorney, Glenville
This is in reply to your letter of June 4, 1979, in which you state:
 "The elementary school has been closed for several years. During the past year, the school district has rented portions of the building to several different tenants as office space. The school is, however, located in an area of the Town that is zoned single family residential.
 "The issue then is whether or not the school district is subject to zoning regulations and building codes when it uses its premises for private enterprise.
 "I have read the opinion of the State Comptroller number 77-149, Nehrbas v. Incorporated Village of Lloyd Harbor, 2 N.Y.2d (1957), and Little Joseph Realty v. Town of Babylon, 51 A.D.2d 158 (2d Department 1976). The opinions in those cases seem to revolve around the tenet local zoning regulations and building codes need not be followed in the performance of governmental rather proprietary functions."
Your inquiry concludes by making a statement and asking a question as follows:
 "The education law sections 402, 403-a and 403-b
authorize a board of education to lease school buildings or grounds for residential purposes, to non profit corporations for purposes relating to youth or aged, to political subdivisions, to non profit community service organizations and to other school districts.
 "There is no specific authority granted to schools to lease to any tenant other than those listed. Is not specific authorization necessary?"
It is this office's opinion that the leasing of school district real property, in and of itself, cannot be characterized as either a governmental or a proprietary activity. Rather, we believe it is necessary to examine the purpose of the lease and the proposed use thereunder in order to determine whether a governmental or proprietary activity is involved (see Little Joseph Realty, Inc. v Babylon,41 N.Y.2d 738 [1977]).
Where a school district leases its property in furtherance of a school district purpose, a governmental activity would be involved, just as if the activity were being directly carried out by the school district, and the property would remain exempt from local building codes and zoning ordinances. However, the leasing of presently unneeded school district property solely as a revenue producing measure may be a proprietary activity, and the property so leased would not be exempt from local building codes and zoning ordinances, unless of course the activity to be conducted by the lessee was of an independent governmental nature.